CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
05/12/2020
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Western District of Virginia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

1133 OAK HILL DRIVE, CHARLOTTESVILLE, VIRGINIA 22902, WHICH IS MORE PARTICULARLY DESCRIBED IN ATTACHMENT A

Case No. 3:20mj00018

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the Western District of Virginia, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC § 2251 | Sexual Exploitation of Children |
| 18 USC § 2252 | Possession, Receipt, and Distribution of Child Pornography |
| 18 USC § 2252A | Possession, Receipt, and Distribution of Child Pornography |

The application is based on these facts:

Please see attached Affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* ________ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/Philipp W. Alhusen
*Applicant's signature*

Philipp W. Alhusen, Special Agent - FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 5/12/20

*Judge's signature*

City and state: Charlottesville, Virginia

Joel C. Hoppe, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| IN THE MATTER OF THE SEARCH OF **1133 OAK HILL DRIVE, CHARLOTTESVILLE, VIRGINIA 22902, WHICH IS MORE PARTICULARLY DESCRIBED IN ATTACHMENT A** | Case No. 3:20mj00018 |
| --- | --- |

**ATTACHMENT A**

**DESCRIPTION OF LOCATION TO BE SEARCHED**

The location is known as: **1133 Oak Hill Drive, Charlottesville, Virginia 22902.**

Additional descriptive information regarding the premises to be searched is as follows:

- A one-story red brick ranch style residence with covered carport, front covered entrance, and a white guttering system and down spouts.
- When observing from the street, a single brick chimney is on the left-hand side with a dark grey shingle roof.
- When observing from the street, the driveway is on the right side of the residence and is a straight, light grey, concrete drive with a gravel parking area off to the right, with a wooden border.
- At the end of the driveway, near the street, is a light grey mailbox with the identifying numbers 1133 in white with dark surrounding background.
- A single tree is located in the center of the front yard, surrounded by grass. A tree stump is off to the left in the front yard.
- The front screen door and shutters of the residence are green in color. The door knob opens from right to left. Near the front door are three green, square shelves facing the street that line up diagonally in a "stair like" formation.

- When observing from the street, off to the left side, in the back of the yard, there is a large blue shed or storage unit with a grey shingle roof.
- When observing from the street, off to the left side, in the back of the yard, to the left of the blue shed, there is an additional large green shed with white accent and a "dark and light" weathered roof.







The SUBJECT PREMISES also includes any means of storage contained in or on the yard and curtilage of the premises, including but not limited to any sheds, storage bins, trash cans, or other structures or containers regardless of size.

The SUBJECT PREMISES also includes a grey Chrysler 300 with Virginia license plate VVZ-6888.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| IN THE MATTER OF THE SEARCH OF **1133 OAK HILL DRIVE, CHARLOTTESVILLE, VIRGINIA 22902, WHICH IS MORE PARTICULARLY DESCRIBED IN ATTACHMENT A** | Case No. 3:20mj00018 |
|---|---|

**ATTACHMENT B**

**LIST OF ITEMS TO BE SEIZED AND SEARCHED**

1. Items evidencing violations of Title 18, United States Code, **Sections 2251, 2252 and 2252A** (distributing, receiving, and/or possessing child pornography), including but not limited to the following:

***Computers and Electronic Media***

2. The authorization includes the search of electronic data to include deleted data, remnant data, and slack space. The seizure and search of computers and computer media will be conducted in accordance with the affidavit submitted in support of this warrant.

3. Computer hardware, meaning any and all computer equipment, including any electronic devices that are capable of collecting, analyzing, creating, displaying, converting, storing, concealing, or transmitting electronic, magnetic, optical, or similar computer impulses or data, such as cellphones and tablets. Included within the definition of computer hardware is any data processing hardware (such as central processing units and self-contained laptop or notebook computers); internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical and compact disk storage devices, and other memory storage devices, such as thumb drives); peripheral input/output devices (such as keyboards, printers, scanners, plotters, video display monitors, and optical readers); related communications devices (such as modems, cables and connections, recording equipment, RAM and ROM units, acoustic couplers,

automatic dialers, speed dialers, programmable telephone dialing or signaling devices, and electronic tone generating devices); and any devices, mechanisms, or parts that can be used to restrict access to such hardware (such as physical keys and locks).

4. Computer software, meaning any and all data, information, instructions, programs, or program codes, stored in the form of electronic, magnetic, optical, or other media, which is capable of being interpreted by a computer or its related components. Computer software may also include data, data fragments, or control characters integral to the operation of computer software, such as operating systems software, applications software, utility programs, compilers, interpreters, communications software, and other programming used or intended to be used to communicate with computer components.

5. Computer-related documentation, meaning any written, recorded, printed, or electronically stored material that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

6. Computer passwords and data security devices, meaning any devices, programs, or data -- whether themselves in the nature of hardware or software -- that can be used or are designed to be used to restrict access to, or to facilitate concealment of, any computer hardware, computer software, computer-related documentation, or electronic data records. Such items include, but are not limited to, data security hardware (such as encryption devices, chips, and circuit boards); passwords; data security software or information (such as test keys and encryption codes); and similar information that is required to access computer programs or data or to otherwise render programs or data into usable form.

7. Any computer or electronic records, documents, and materials referencing relating to the above-described offense. Such records, documents, or materials, as well as their drafts or modifications, may have been created or stored in various formats, including, but not limited to, any

hand-made form (such as writing or marking with any implement on any surface, directly or indirectly); any photographic form (such as microfilm, microfiche, prints, slides, negative, video tapes, motion pictures, or photocopies); any mechanical form (such as photographic records, printing, or typing); any electrical, electronic, or magnetic form (such as tape recordings, cassettes, compact disks); or any information on any electronic or magnetic storage device (such as floppy diskettes, hard disks, CD-ROMs, optical disks, printer buffers, sort cards, memory calculators, electronic dialers, or electronic notebooks), as well as printouts or readouts from any magnetic storage device.

8. Any electronic information or data, stored in any form, which has been used or prepared for use either for periodic or random backup (whether deliberate, inadvertent, or automatically or manually initiated), of any computer or computer system. The form that such information might take includes, but is not limited to, floppy diskettes, fixed hard disks, removable hard disk cartridges, tapes, laser disks, CD-ROM disks, video cassettes, and other media capable of storing magnetic or optical coding.

9. Any electronic storage device capable of collecting, storing, maintaining, retrieving, concealing, transmitting, and using electronic data used to conduct computer or Internet-based communications, or which contains material or data obtained through computer or Internet-based communications, including data in the form of electronic records, documents, and materials, including those used to facilitate interstate communications, including but not limited to telephone (including mobile telephone) and Internet Service Providers. Included within this paragraph is any information stored in the form of electronic, magnetic, optical, or other coding on computer media or on media capable of being read by a computer or computer- related equipment, such as fixed disks, external hard disks, removable hard disk cartridges, floppy disk drives and diskettes, tape drives and tapes, optical storage devices, laser disks, or other memory storage devices.

***Computer and Internet Records***

10. Records of personal and business activities relating to the operation and ownership of the computer systems, such as telephone records, notes (however and wherever written, stored, or maintained), books, diaries, and reference materials.

11. Any records or documents pertaining to accounts held with Internet Service Providers or of Internet use.

12. Records of address or identifying information for ELLIOTT ATWELL, and any personal or business contacts or associates of his, (however and wherever written, stored, or maintained), including contact lists, buddy lists, email lists, ICQ addresses, IRC names (a.k.a., "Nics"), user IDs, eIDs (electronic ID numbers), and passwords.

13. Documents and records regarding the ownership and/or possession of the searched premises and of the computers, electronic devices, and storage media located in the premises.

14. Any electronic communications between ATWELL and any minor.

15. Any documentation reflecting any formal or business relationship between ATWELL and any minor.

***Materials Relating to Child Erotica and Depictions of Minors***

16. Any and all visual depictions of minors.

17. Any and all address books, names, and lists of names and addresses of minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

18. Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

19. Any and all child erotica, including photographs of children that are not sexually explicit, drawings, sketches, fantasy writings, diaries, and sexual aids.

20. All receipts, documents, or other papers reflecting the ownership and/or purchase of gifts or other items used to entice or groom minors.